IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


BOBBY E. SOLOMON,

    **Plaintiff,**

vs.                                                             CASE NO. 1:09CV183-MMP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. § 405(g) seeking judicial review of the administrative denial of his application for disability insurance benefits under Title II of the Social Security Act. (Doc. 2). Defendant has moved to remand this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) which provides that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security...

The complaint in this cause was filed on August 26, 2009, and the Commissioner was served on August 31, 2009, but no answer has been filed. Defendant moves to remand this action because the administrative hearing tape cannot be transcribed. (Doc. 6). Plaintiff has no objection to the motion to remand.

Accordingly, it is **RECOMMENDED** that Defendant's motion to remand (doc. 6) be **GRANTED**, and this cause is hereby **REMANDED** to the Commissioner under sentence six for further proceedings by the Appeals Council. The parties are directed to file a Status Report on or before February 19, 2010, advising the Court of the status of the administrative proceedings and every ninety days thereafter until the administrative proceedings are concluded.

**IN CHAMBERS** at Gainesville, Florida, this __19th__ day of November, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 1:09cv183-MMP/AK