## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

BOBBY E. SOLOMON,,
       Plaintiff,

v.                            Case No: 1:09cv183/MMP/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
       Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff, Bobby E. Solomon, filed an application for disability insurance benefits claiming an onset of disability as of July 26, 2004.  The application was denied initially and on reconsideration, and Mr. Solomon requested a hearing before an Administrative Law Judge (ALJ).  After the hearing the ALJ issued a decision that was partially favorable and partially unfavorable.  The ALJ determined that plaintiff was disabled during the period July 26, 2004 through August 15, 2005, but found further that plaintiff experienced medical improvement as of August 16, 2005 and was no longer disabled.  The Appeals Council declined review.  Plaintiff then filed the instant appeal.  The court remanded the case because defendant could not produce a transcript.

On remand the ALJ held a second hearing at which Mr. Solomon was represented by counsel and testified.  A vocational expert also testified.  The ALJ again issued a decision that was partially favorable and partially unfavorable.  The ALJ again determined that plaintiff was disabled during the period July 26, 2004

through August 15, 2005, but found further that plaintiff experienced medical improvement as of August 16, 2005 and was no longer disabled (Tr. 372-387).

Plaintiff again sought review.  This time the Appeals Council accepted jurisdiction, stating that the ALJ had found medical improvement as of August 16, 2005 "but did not cite specific evidence in the record in support of that finding." (Tr. 408).  The Appeals Council further noted that it intended to issue a decision "to clarify the basis for such finding."  (*Id.*)  Plaintiff's counsel was invited to brief the issue further, but failed to do so (Tr. 355).  The Appeals Council then conducted a thorough review of the record and issued its decision on June 24, 2011.  It found, as had the ALJ, that plaintiff was entitled to a closed period of disability but that his entitlement to benefits ended as of August 16, 2005 because of medical improvement.  The Appeals Council's decision of June 24, 2011 was therefore the final decision of the Commissioner, and therefore subject to review in this court. *Falge v. Apfel*, 150 F.3d 1329 (11th Cir. 1998).

The case is now back before this court after remand.  On January 3, 2012 the Commissioner filed his answer to the complaint with a copy of the official transcript (doc. 22), and plaintiff filed his reply (doc. 23).

## STANDARD OF REVIEW

This case is different from most because the final decision of the Commissioner is not the decision of the ALJ.  Rather, because the Appeals Council accepted jurisdiction and issued its own decision, the scope of review by this court is directed to the Appeals Council's decision.  *Parker v. Bowen*, 788 F.2d 1512, 1520-22 (11th Cir. 1986) (holding that if the Appeals Council renders a decision, that decision, and not the decision of the ALJ, is the one the court must consider, and the Appeals Council is entitled to make its own credibility findings based on the record before it and is not bound by the findings of the ALJ if it gives reasons for rejecting the ALJ's findings.) The Appeals Council's decision is entitled to the same deference as the decision of an ALJ.  *Id.*

The court's review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the [Appeals Council]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

A person who applies for Social Security disability benefits must prove his disability. *See* 20 C.F.R. § 404.1512. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Credibility determinations about subjective testimony generally are reserved to the [Commissioner]. *See Johns v. Bowen*, 821 F.2d 551, 557 (11th Cir. 1987). But if the [Commissioner] "decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In addition, there is "a three part 'pain standard' that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms." *Id.* This standard requires these things:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.

*Id.*

In assessing the credibility of plaintiff's testimony concerning pain the Commissioner may consider whether the claimed intensity of the pain is consistent with the reports of treating and examining physicians, and whether it is consistent with the plaintiff's daily activities.  *See* 20 C.F.R. § 404.1529(c)(3) (the Commissioner may consider a claimant's daily activities when evaluating his complaints of pain).

When a claimant proves that he no longer can perform his past relevant work, the burden shifts to the Commissioner to show that, in the light of the claimant's residual functional capacity, age, education, and work experience, "there is other work available in significant numbers in the national economy that the claimant is able to perform."  *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  "The [Commissioner] must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture."  *Wilson*, 284 F.3d at 1227.

The "preferred method" of demonstrating that a claimant can perform other jobs is through the testimony of a vocational expert ("VE").  *Id.*  For a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that comprises all of the claimant's impairments.  See *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001).  But the ALJ is not required to include in the question claims of impairment that he has found to be unsupported.  *Crawford*, 363 F.3d at 1161.

In cessation cases, the "appropriate inquiry is whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence."  *Id.* at 1322, *quoting Chumbley v. Shalala*, Case No. 92-12VAL (RLH),1994 WL 774030, at * 3 (M.D. Ga. November. 22, 1994) (citations omitted).  In order to find that the claimant's condition has improved, the Commissioner "must compare original medical evidence [which supported a finding of disability] and new medical evidence."  (Emphasis added). *Id.* at 1322, *citing Williams v. Apfel*, 73 F. Supp.2d 1325, 1337 (M.D. Fla. 1999) (*citing Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir.1984)).  The burden is on the Commissioner to show that there has been medical

improvement; and, in order to show this, there must be evidence of medical improvement in the form of "symptoms, signs, and laboratory findings." 20 C.F.R. § 404.1594(b).  Medical improvement is "any decrease in the medical severity" of a claimant's impairment that was present at the time of the most recent favorable decision. See 20 C.F.R. § 404.1594(b)(1). A decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings" associated with the impairment. See 20 C.F.R. § 404.1594(b)(1).


## MEDICAL HISTORY

On July 26, 2004 Mr. Solomon tore a meniscus in his right knee while working as a tile setter (Tr. 291, 359). He underwent surgery and injections and participated in physical therapy (Tr. 162-205, 283-90, 359).  Mr. Solomon returned to see his treating physician, William Blake, M.D., on March 21, 2005 (Tr. 282).  Dr. Blake noted that Mr. Solomon's knee did not bend beyond 110 degrees (Tr. 282, 359).  Dr. Blake felt that Mr. Solomon could not do any type of kneeling activities.  This would preclude his prior work as a tile setter (Tr. 282).  There is no indication that Mr. Solomon saw Dr. Blake or any other physician for specific knee complaints after March 2005 (Tr. 359-60).

Mr. Solomon was examined by Eftim Adhami, MD  on August 16, 2005.  Dr. Adhami noted limitation in knee range of motion only at an extreme angle (Tr. 301, 359).[1] Plaintiff had some tenderness, but walked normally without a cane (Tr. 299, 359). Jorge Camacho, M.D., noted that Plaintiff had a normal gait and normal muscle tone in July 2005 (Tr. 248).

Mr. Solomon used a CPAP mask to help his breathing at night, which resulted in improved sleep (Tr. 249-50).  Pulmonary function studies done on October 17, 2005 showed only mild asthma (Tr. 303).

---

[1]Dr. Adhami's notes indicated that Mr. Solomon's knee had limited range of motion at the extreme angle, but his detailed chart showed it to be normal.  His further opinion that Mr. Solomon could walk normally without a cane supports a finding of full range of motion.

## DISCUSSION

Relative to the issues raised in this appeal, the Appeals Council found that Mr. Solomon had severe impairments of morbid obesity, meniscal injury to the right knee and asthma, and that he was disabled as defined in the Act from July 6, 2004 through August 15, 2005, but not thereafter; that he was a younger person with a high school education with no transferrable skills; that medical improvement occurred as of August 16, 2005; that after that date Mr. Solomon could stand and/or walk up to four hours per day, could do limited pushing with his legs, could occasionally balance, stoop and crouch but should not kneel crawl or climb; that he should avoid fumes and other situations relating to breathing and should avoid moderate exposure to hazards; that he could perform a reduced range of work at the sedentary exertional level; that using 20 C. F. R. 404.1569 and Rule 201,28, Table No. 1 of 20 C. F. R. Part 404, Subpart P, Appendix 2 as a framework for decision making, Mr. Solomon was not under a disability as defined in the Act from August 16, 2005 through June 16, 2010.

Plaintiff's brief in this case does not address the Appeals Council's decision. It attacks only the ALJ's decision, which is not before the court. For that reason alone his appeal should fail. However, the undersigned as reviewed the entire record and finds that the Appeals Council's decision was supported by substantial evidence and should be affirmed.

The Appeals Council found that Mr. Solomon was disabled as defined in the Act from July 6, 2004 through August 15, 2005. It further found that he experienced medical improvement as of August 16, 2005 and therefore was no longer disabled. The medical evidence showed that range of motion in Mr. Solomon's knee increased and he was able to walk without his cane, the medical evidence also showed a decrease in severity of his knee problems. There was no medical evidence to the contrary. Therefore, the Appeals Council properly found that Plaintiff experienced medical improvement as of August 16, 2005 (Tr. 359).

The Appeals Council's decision was supported by substantial record evidence, and plaintiff is not entitled to reversal.   Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 18th day of October, 2012.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**